FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 17 2008

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

1  James A. McDevitt
   United States Attorney
2  Eastern District of Washington
   Stephanie J. Lister
3  Assistant United States Attorney
   Post Office Box 1494
4  Spokane, WA 99210-1494
   Telephone:  (509) 353-2767
5

6                    UNITED STATES DISTRICT COURT
7                    EASTERN DISTRICT OF WASHINGTON
8

9  UNITED STATES OF AMERICA,          )
10                    Plaintiff,       )
11        vs.                         )        CR-07-6008-LRS
                                      )
12  KENNETH JOHN FREEMAN,            )        Plea Agreement
13                    Defendant.       )
14
15
16        Plaintiff, United States of America, by and through James A. McDevitt,
17  United States Attorney for the Eastern District of Washington, and Stephanie J.
18  Lister, Assistant United States Attorney for the Eastern District of Washington,
19  and Karin J. Immergut, United States Attorney for the District of Oregon, and
20  Gary Sussman, Assistant United States Attorney for the District of Oregon, and
21  the State of Washington by and through Andy Miller, Benton County Prosecutor,
22  and Adrienne Farabee, Deputy Benton County Prosecutor, and Defendant
23  KENNETH JOHN FREEMAN, individually and through his attorneys, Carl J.
24  Oreskovich (Eastern District of Washington), Andrew Kohlmetz (District of
25  Oregon), and Sylvia Cornish (Benton County, Washington), agree to the following
26  Plea Agreement:
27
28

Plea Agreement- 1
P81215jm.slf.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Introduction

Defendant KENNETH JOHN FREEMAN is presently charged federally in Eastern District of Washington by Indictment, filed on January 25, 2007 in case number CR-07-6008-LRS, with Production of  Child Pornography, in violation of 18 U.S.C. § 2251(a) (Count One) and Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1) (Count Two).  Defendant KENNETH JOHN FREEMAN is also charged in the Eastern District of Washington by criminal complaint, in case number MJ-06-305, with Travel in Interstate Commerce to Avoid Prosecution, in violation of 18 U.S.C.  § 1073.

Defendant KENNETH JOHN FREEMAN is also charged federally in the District of Oregon by Indictment, filed on January 23, 2007, in case number CR 07-29-MO, with Production of Child Pornography, in violation of 18 U.S.C. §2251(a) and (e) (Count 1), Interstate Transportation of a Minor for the Purpose of Producing Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Count 2) and Interstate Transportation of a Minor for the Purpose of Engaging in Unlawful Sexual Activity, in violation of 18 U.S.C. §2423(a) (Count 3).

Defendant KENNETH JOHN FREEMAN is also charged by the State of Washington, in and for the County of Benton, by a Fourth Amended Information, filed on May 16, 2007, in case number No. 05-1-01626-8, with three counts of Rape of a Child in the First Degree, in violation of R.C.W. 9A.44.073 (Counts 1-3), and one count of Bail Jumping, in violation of R.C.W. 9A.76.170(1) (Count 4).

Defendant KENNETH JOHN FREEMAN wishes to resolve all of these pending federal and state charges as part of a single, global resolution.  The United States Attorney's Offices for the Eastern District of Washington and the District of Oregon, and the Benton County, Washington, Prosecuting Attorney's Office agree to such a resolution, as set forth herein.

Plea Agreement- 2
P81215jm.slf.wpd

1.    <u>Guilty Plea and Maximum Statutory Penalties</u>:

    A.    Federal Charges in the Eastern District of Washington:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant, KENNETH JOHN FREEMAN, agrees to plead guilty to Count One of the Indictment in CR-07-6008-LRS, filed in the Eastern District of Washington on January 25, 2007, charging the Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) (Count One).

The Defendant, KENNETH JOHN FREEMAN, understands that the maximum statutory penalty for Production of  Child Pornography (Count One), in violation of 18 U.S.C. § 2251(a), is not less than 10 years nor more than 20 years imprisonment;[1] a fine not to exceed $250,000; a term of supervised release of not more than three years; restitution; and a $100 special penalty assessment. assessment.

The Defendant, KENNETH JOHN FREEMAN, understands that the charge contained in Count One of the Indictment in the Eastern District of Washington is a Class (C) felony charge.

The Defendant, KENNETH JOHN FREEMAN, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

    B.    Federal Charges in the District of Oregon:

Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the Defendant, KENNETH JOHN FREEMAN, also agrees to plead guilty to Counts One and Three of the Indictment

---

[1] Count One of the Indictment in CR-07-6008-LRS charges Defendant with Production of Child Pornography on or about May, 2000, through on or about January, 2001.  Thus, the offense conduct was before the Protect Act, effective April 30, 2003, and the penalty stated represents the penalty for the time period charged in the Indictment.

Plea Agreement- 3
P81215jm.slf.wpd

1 | filed in the District of Oregon on January 23, 2007, charging the Defendant with
2 | Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e)
3 | (Count 1) and Interstate Transportation of a Minor for the Purpose of Engaging in
4 | Unlawful Sexual Activity (Count 3), in violation of 18 U.S.C. §2423(a).  The
5 | United States Attorney's Offices for the District of Oregon and the Eastern District
6 | of Washington agree to transfer the District of Oregon charges to the Eastern
7 | District of Washington for disposition under the provisions of Federal Rule of
8 | Criminal Procedure 20.

9 | The Defendant, KENNETH JOHN FREEMAN, understands that the
10 | maximum statutory penalty for Production of Child Pornography (Count One), in
11 | violation of 18 U.S.C. § 2251(a) and (e), is not less than 10 years nor more than 20
12 | years imprisonment;[2] a fine not to exceed $250,000; a term of supervised release
13 | of not more than three years; restitution; and a $100 special penalty assessment.

14 | The Defendant, KENNETH JOHN FREEMAN, also understands that the
15 | maximum statutory penalty for Interstate Transportation of a Minor for the
16 | Purpose of Engaging in Unlawful Sexual Activity (Count 3), in violation of 18
17 | U.S.C. §2423(a), is not more than 15 years imprisonment[3]; a fine not to exceed
18 | $250,000; a term of supervised release of not more than three years; restitution,
19 | and a $100 special penalty assessment.

---

[2] Count One of the Indictment in the District of Oregon charges Defendant with production of child pornography sometime on or about May 13, 2000.  Thus, the offense conduct was before the Protect Act, effective April 30, 2003, and the penalty stated represents the penalty for the time period charged in the Indictment.

[3] Count Three of the Indictment in the District of Oregon charges Defendant with Interstate Transportation of a Minor for the Purpose of Engaging in Unlawful Sexual Activity sometime on or about May 12-13, 2000.  Thus, the offense conduct was before the Protect Act, effective April 30, 2003, and the penalty stated represents the penalty for the time period charged in the Indictment.

Plea Agreement- 4
P81215jm.slf.wpd

1    The Defendant, KENNETH JOHN FREEMAN, understands that the

2    charges contained in Counts One and Three of the Indictment in the District of

3    Oregon are Class (C) felony charges and that sentences for these charges will be

4    imposed to run consecutively to each other and the charge in the Eastern District

5    of Washington.

6    The Defendant, KENNETH JOHN FREEMAN, understands that a violation

7    of a condition of supervised release carries an additional penalty of re-

8    imprisonment for all or part of the term of supervised release without credit for

9    time previously served on post-release supervision.

10            C.      Washington State Charges:

11    The Defendant, KENNETH JOHN FREEMAN, also agrees to plead guilty

12    in the Superior Court of the State of Washington, in and for the County of Benton,

13    to Counts One, Two, and Three of the Fourth Amended Information filed in

14    Benton County, Washington on May 16, 2007.  All three counts charge the

15    Defendant with Rape of a Child in the First Degree, in violation of R.C.W.

16    9A.44.073.  The Washington State charges are resolved by a separate plea

17    agreement, attached as Exhibit A, to be filed with the Superior Court in Benton

18    County.

19            2.      The Court becomes Bound by the Plea Agreement when it Accepts
                      the Agreement:

20

21    This Plea Agreement is entered into under Fed. R. Crim. P. 11(c)(1)(C).

22    Defendant, KENNETH JOHN FREEMAN, understands that the court may accept

23    this Plea Agreement, reject it, or defer its decision until a Presentence Report

24    (PSR) has been reviewed.[4]  If the court accepts this agreement, the court will be

25            [4]  The district court must accept the Defendant's guilty plea before

26    reviewing the PSR.  It is error for the court to review the PSR before it has

27    actually accepted the plea (as opposed to reviewing the PSR and then accepting

       and agreeing to be bound by the plea agreement under Rule 11(c)(1)(C)).  See In

28    re: James H. Gallaher, Jr., WL 4877454, (9th Circuit), November 13, 2008 (NO.

Plea Agreement- 5
P81215jm.slf.wpd

1   bound to impose a sentence in accordance with the provisions hereof.  If the court

2   rejects this plea agreement, Defendant shall have the right to withdraw his guilty

3   plea, and the parties shall be free to proceed as if this agreement did not exist. As

4   well, the United States may withdraw from this Plea Agreement if the Court

5   imposes a lesser sentence than agreed upon.

6         3.    <u>Waiver of Constitutional Rights:</u>

7         The Defendant, KENNETH JOHN FREEMAN, understands that by

8   entering this plea of guilty the Defendant is knowingly and voluntarily waiving

9   certain constitutional rights, including:

10              (a).   The right to a jury trial;

11              (b).   The right to see, hear and question the witnesses;

12              (c).   The right to remain silent at trial;

13              (d).   The right to testify at trial; and

14              (e).   The right to compel witnesses to testify.

15        While the Defendant is waiving certain constitutional rights, the Defendant

16   understands the Defendant retains the right to be assisted through the sentencing

17   and any direct appeal of the conviction and sentence by an attorney, who will be

18   appointed at no cost if the Defendant cannot afford to hire an attorney.  The

19   Defendant also acknowledges that any pretrial motions currently pending before

20   the Court are waived.

21        4.    <u>Elements of the Offenses:</u>

22              A.    Federal Charge in the Eastern District of Washington:

23        The United States and the Defendant agree that in order to convict the

24   Defendant of Production of  Child Pornography (Count One), in violation of 18

25

26

27   07-74593).

28

Plea Agreement- 6
P81215jm.slf.wpd

U.S.C. § 2251(a), the United States would have to prove beyond a reasonable doubt the following elements:

        (1).    First, on or about May 2000 through January 2001, in the Eastern District of Washington, the Defendant, KENNETH JOHN FREEMAN, employed, used, induced, enticed, or coerced a child under the age of 18 years to engage in sexually explicit conduct;

        (2).    Second, the Defendant did so for the purpose of producing child pornography, as defined by 18 U.S.C. § 2256; and

        (3).    Third, Defendant knew or had reason to know, that the child pornography was produced using materials that were shipped or transported in interstate or foreign commerce by any means, including by computer, or was actually mailed or transported in interstate or foreign commerce.

    B.    Federal Charges in the District of Oregon:

The United States and the Defendant agree that in order to convict the Defendant of Production of Child Pornography, in violation of 18 U.S.C. §2251(a) (Count One), the United States would have to prove beyond a reasonable doubt the following elements:

        (1).    First, sometime on or about May 13, 2000, in the District of Oregon, the Defendant, KENNETH JOHN FREEMAN, employed, used, induced, enticed, or coerced a child under the age of 18 years to engage in sexually explicit conduct;

        (2).    Second, the Defendant did so for the purpose of producing child pornography, as defined by 18 U.S.C. § 2256; and

        (3).    Third, Defendant knew or had reason to know that the child pornography was produced using materials that were shipped or transported in interstate or foreign commerce by any means,

Plea Agreement- 7
P81215jm.slf.wpd

including by computer, or was actually mailed or transported in interstate or foreign commerce.

The United States and the Defendant agree that in order to convict the Defendant of Interstate Transportation of a Minor for the Purpose of Engaging in Unlawful Sexual Activity (Count 3), in violation of 18 U.S.C. §2423(a), the United States would have to prove beyond a reasonable doubt the following elements:

    (1).   First, sometime on or about May 12-13, 2000, in the District of Oregon, the Defendant, KENNETH JOHN FREEMAN, knowingly transported a child less than 18 years old from one state to another; and

    (2).   Second, Defendant did so with the intent that the child engage in any sexual activity for which any person can be charged with a crime. The sexual activity can be unlawful under either federal or state law.[7]

5.    <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for KENNETH JOHN FREEMAN's guilty pleas. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes,

---

[7] Count Three of the Oregon Indictment alleges that Defendant FREEMAN transported his daughter from the State of Washington to the State of Oregon with the intent to engage in sexual activity which is unlawful under Oregon state law, specifically Oregon Revised Statutes Section 163.405(1), Sodomy in the First Degree (which makes a felony for an adult to have oral or anal intercourse with a child under the age of 12, or with a child under the age of 16 who is the daughter of the adult), and Oregon Revised Statutes Section 163.427(1), Sexual Abuse in the First Degree (which makes it a felony to subject a child under 14 years old to sexual contact).

Plea Agreement- 8
P81215jm.slf.wpd

1  additional facts which are relevant to the sentencing guideline computations or
2  sentencing, unless otherwise prohibited by this agreement.

3       In November 2005, the victim, KNF, disclosed to her mother, Gaye Peale,
4  that KENNETH JOHN FREEMAN, her father, had sexually abused her.  Mrs.
5  Peale reported this information to law enforcement authorities and an investigation
6  ensued.  Detective Shepherd of the Richland Police Department investigated the
7  allegations.  KNF was interviewed by a child interviewer and gave statements
8  regarding multiple incidents of sexual abuse by FREEMAN, including fondling,
9  masturbation, oral sex, and anal intercourse.  KNF has stated that FREEMAN
10  began to sexually abuse her during Mother's Day weekend in 2000.  She was
11  approximately ten years old at the time.  The sexual abuse continued until
12  approximately July 2001.  KNF has stated that on different occasions FREEMAN
13  videotaped his sexual abuse of her.  She remembers the videotaped incidents
14  occurring in FREEMAN's house located in Richland, Washington, which is
15  located in the Eastern District of Washington. At the time of the disclosure, KNF
16  was 16 years old.  KNF was born in October of 1989.

17       As a result of the Washington State investigation, in December of 2005 the
18  Defendant, KENNETH JOHN FREEMAN, was charged with the Washington
19  state offense of Rape of a Child in the First Degree, in violation of R.C.W.
20  9A.44.073, in the Benton County Superior Court.  Several amended Informations
21  were filed, the last being the Fourth Amended Information which was filed May
22  16, 2007, which  charges FREEMAN with three counts of Rape of a Child in the
23  First Degree and one count of Bail Jumping.  The Fourth Amended Information
24  also alleges a number of aggravating circumstances, including the vulnerability of
25  the victim and the pattern of sexual abuse.

26       On December 7, 2005, the State of Washington obtained a personal
27  recognizance arrest warrant for FREEMAN based on the criminal Information.
28  FREEMAN appeared in court for his arraignment on January 4, 2006.  He

Plea Agreement- 9
P81215jm.slf.wpd

appeared in court at subsequent hearings on February 1, 2006, and February 22, 2006. FREEMAN posted a bail bond on February 22, 2006, and was subsequently released from custody. On March 22, 2006, FREEMAN failed to appear in court as required. The case was continued one day to allow his attorney to contact him. On March 23, 2006, FREEMAN again failed to appear in court and a Washington State Superior Court Judge in Benton County ordered that a nationwide no bail bench warrant be issued for the Defendant's arrest.

KENNETH JOHN FREEMAN was considered a fugitive as of March 23, 2006. Washington State authorities were unable to locate him and asked for federal assistance. On December 8, 2006, a U.S. Magistrate Judge in the Eastern District of Washington issued a criminal complaint charging FREEMAN with unlawful flight to avoid prosecution, in violation of 18 U.S.C. § 1073, and an arrest warrant issued.

Further investigation was conducted by the Richland Police Department and ICE Special Agents Beard and Bay to determine whether FREEMAN transported sexually explicit visual depictions of his sexual abuse of KNF in interstate or foreign commerce by computer. KNF had provided information regarding FREEMAN's use of a computer located in his house in Richland, Washington. The computer was connected to the Internet. According to KNF, FREEMAN told her that he was in contact with a man in Canada. Also according to KNF, FREEMAN told her that he and the man in Canada were using the Internet to share videos of the sexual abuse of their daughters. FREEMAN admits he produced sexually explicit photographs of KNF from on or about August of 2000 until August of 2001. FREEMAN admits he transported these images in interstate commerce, using a computer via the Internet, and that his transportation of these images caused them to be transported by others from December 30, 2002 and January 8, 2007.

Plea Agreement- 10
P81215jm.slf.wpd

1    According to KNF, FREEMAN had given her a computer when she was in
2    7th grade.  FREEMAN told her that the computer he had given her had the same
3    hard drive that was in his computer, but that he had rebuilt other parts of the
4    computer.  In February 2006, KNF opened a program on the computer that
5    contained file names with sexual references.  She was unable to open the files but
6    her family notified the Richland Police Department of the incident and turned the
7    computer over to the Richland Police Department on February 16, 2006, who in
8    turn provided the computer to the Kennewick Police Department for forensic
9    examination.

10    In February of 2006, Kennewick Police Department Detective Shigeno
11    conducted a forensic examination of the computer and located a number of movie
12    and image files that depict child pornography.  Two video files in particular, AVI
13    32 and AVI 34, were found that depict child pornography.  On December 11,
14    2006, Detective Shigeno released the seized computer and contents to Special
15    Agent Bay.

16    On December 11, 2006, Special Agent Bay reviewed video files AVI 32 and
17    AVI 34.  In AVI 32, a clothed female (KNF) is masturbating a naked adult male.
18    The male's face is not visible, however, the female is under the age of 18.  This
19    video depicts child pornography.  AVI 34 depicts a prepubescent female's naked
20    lower torso.  An adult male's hands are seen touching the female's vagina.  This
21    video also depicts child pornography.  FREEMAN videotaped the sexually
22    explicit conduct using a RCA handheld video camera.

23    The AVI 32 and AVI 34 video files were shown to KNF's mother, Gaye
24    Peale, who identified the minor female in the videos as her daughter KNF.  She
25    also identified FREEMAN as being the male in the videos.

26    Special Agent Bay is familiar with a widely-distributed series of child
27    pornography that has come to be called the "Vicky" series.  SA Bay recognized
28    AVI 32 and AVI 34 as part of the "Vicky" series.  Some of the images in the

Plea Agreement- 11
P81215jm.slf.wpd

1   "Vicky" series depict sadistic and masochist images, including images of KNF

2   bound with ropes and forced to perform oral sex on the adult male, anal sex and

3   other sadistic conduct.

4        The National Center for Missing and Exploited Children (NCMEC)

5   maintains a database of known child pornography victims and conducts evidence

6   reviews submitted by federal and state law enforcement agencies.  According to

7   NCMEC, the "Vicky" series contains over 600 images and is widely recognized

8   since the images in the series have been distributed world wide via the Internet

9   from the time period of December 30, 2002, and the series continues to be traded

10  and collected by people with a sexual interest in children.

11       According to NCMEC, the "Vicky" series is one of the most widely

12  distributed groups of child abuse images and videos in the United States.  The

13  "Vicky" series has also been traded and/or downloaded from the Internet by

14  individuals in many countries, including Sweden, Germany, Norway, Switzerland,

15  Canada, Denmark, United Kingdom, France, Netherlands, Spain and Ireland.  As

16  of November 5, 2008, in excess of 4,000 law enforcement evidence reviews,

17  which have been submitted by federal and state law enforcement agencies to

18  NCMEC for analysis, have identified images and/or videos associated with the

19  "Vicky" series.  A total number of 18, 206 files have been discovered as a result of

20  these law enforcement cases.

21       The fact that the "Vicky" series has been transported by computer on

22  the Internet is evidence that FREEMAN transported the sexually explicit visual

23  depictions he produced of his daughter KNF in interstate or foreign commerce.

24       While Washington state and federal authorities were conducting their

25  investigation of FREEMAN, federal ICE agents in Oregon were also conducting

26  an investigation of FREEMAN.   As a result of the Oregon ICE investigation, the

27  victim KNF and  ICE Special Agent Findley would testify that on or about May

28  12-13, 2000, Defendant FREEMAN drove KNF, who was ten years old at the

Plea Agreement- 12
P81215jm.slf.wpd

1  time, from her residence in Richland, Washington, to a hotel called the Greenwood

2  Inn located in Beaverton, in the District of Oregon.  Defendant FREEMAN told

3  the victim they were traveling to Oregon to visit Defendant FREEMAN's mother

4  for Mother's Day.

5        On or about Saturday, May 13, 2000, while in the hotel room at the

6  Greenwood Inn, Defendant FREEMAN sexually abused his daughter.

7  Specifically, he had her masturbate his penis with her hands, and he performed

8  oral sex on her vagina.  Defendant FREEMAN video recorded the sexual abuse of

9  his daughter KNF.  According to KNF she was not then aware of the presence of a

10  video camera, victim KNF has since been shown excerpts from the video.  She has

11  identified herself as the young girl shown in the video.  Although the face of her

12  abuser does not appear in the video, victim KNF and her mother both identified

13  Defendant FREEMAN as the adult male who is shown in the video.

14        Copies of the video recording made by the Defendant FREEMAN in the

15  District of Oregon, in which he sexually abuses victim KNF, have been widely

16  distributed over the Internet, both within the United States, and internationally.

17        As a result of FREEMAN's fugitive status, KENNETH JOHN FREEMAN

18  was on the U.S. Marshals 15 Most Wanted Fugitive list and the U.S. Immigration

19  and Customs Enforcement's ICE Most Wanted Fugitives listings.  A fugitive task

20  force, composed of deputy U.S. Marshals, ICE agents, officers from the Benton

21  County Sheriff's Office and staff from the Offices of International Affairs of the

22  Department of Justice and the ICE Special Attache Office for China, investigated

23  FREEMAN.  In December 2006, an episode of America's Most Wanted aired and

24  the FREEMAN case was profiled which helped provide leads to the fugitive task

25  force.  Ultimately the fugitive task force Investigators learned that Defendant

26  FREEMAN had fled, [8] from the United States to China (via Canada) to avoid

27

28        [8] On October 11, 2007, Defendant Freeman's, now ex-wife, Maleka May,

                                                         (continued...)

Plea Agreement- 13
P81215jm.slf.wpd

1  prosecution.  No extradition treaty exists between the People's Republic of China

2  and the United States.  On May 2, 2007, Freeman traveled to Hong Kong and was

3  arrested in Hong Kong by law enforcement officials from Hong Kong and the

4  Chinese Ministry of Public Security.

5       Originally  FREEMAN contested extradition.  However, after the U.S. State

6  Department made a formal request for the extradition of Defendant FREEMAN,

7  he waived extradition proceedings and was returned to the Eastern District of

8  Washington.  Prior to his extradition, FREEMAN released a press statement in

9  which he indicated he had written an autobiography while he was in custody in

10  Hong Kong.  On November 14, 2007, a search warrant was signed in the Eastern

11  District of Washington for the seizure of the autobiography written by

12  FREEMAN.  The autobiography is contained in three notebooks and exceeds 400

13  pages.  In his autobiography, Defendant FREEMAN confesses to much of the

14  criminal conduct referred to in paragraph 5 of this Plea Agreement (Factual Basis

15  and Statement of Facts).

16       6.    Waiver of Inadmissibility of Statements:

17       The Defendant agrees to waive the inadmissibility of statements made in the

18  course of plea discussions with the United States, pursuant to Fed. R. Crim.

19  P. 11(f).  This waiver shall apply if the Defendant withdraws this guilty plea or

20  breaches this Plea Agreement.  The Defendant acknowledges that any statements

21  made by the Defendant to law enforcement agents in the course of plea discussions

22  in this case would be admissible against the Defendant in the United States's case-

23  in-chief if the Defendant were to withdraw or breach this Plea Agreement.

24  _____

25       [8](...continued)
    plead guilty in the Northern District of California in CR-07-333-VRW and CR-07-

26  633-VRW to Making False Statements to an Agency of the United States

27  (regarding her false statements to law enforcement as to the flight of Defendant
    FREEMAN from the United States), in violation of 18 U.S.C. § 1001.  May was

28  sentenced to 3 years probation and a $200 special penalty assessment.

Plea Agreement- 14
P81215jm.slf.wpd

1         7.     <u>The United States and Washington State Agrees</u>:

2             (a).    <u>Dismissals</u>:

3        At the time of sentencing, the United States agrees to dismiss Count Two of

4  the Eastern District of Washington Indictment which charges the Defendant,

5  KENNETH JOHN FREEMAN, with Transportation of Child Pornography, in

6  violation of 18 U.S.C. § 2252(a)(1) and Count Two of the Oregon Indictment

7  which charges the Defendant, KENNETH JOHN FREEMAN, with Interstate

8  Transportation of a Minor for the Purpose of Producing Child Pornography, in

9  violation of 18 U.S.C. §§ 2251 (a) and (e).

10        Also at the time of sentencing, the United States agrees to dismiss the

11  criminal complaint, filed in the Eastern District of Washington in case number MJ-

12  06-305, which charges the Defendant, KENNETH JOHN FREEMAN, with Travel

13  in Interstate Commerce to Avoid Prosecution, in violation of 18 U.S.C. § 1073.

14  However, while the United States agrees to dismiss the fugitive complaint, the

15  Defendant has agreed that, because he did flee the United States to China to avoid

16  prosecution, his sentencing guideline calculations will be increased as stated in

17  paragraph 8 of the Plea Agreement.

18        As part of the State of Washington Plea Agreement (Attachment A), the

19  State agrees to dismiss in case number No. 05-1-01626-8 the aggravating factors

20  of victim vulnerability and pattern of sexual abuse and Count Four, Bail Jumping,

21  in violation of R.C.W. 9A.76.171(1).

22             (b).    <u>Not to File Additional Charges</u>:

23        The United States Attorneys for the Eastern District of Washington and the

24  District of Oregon and the Benton County Prosecutor, agree not to bring any

25  additional charges against the Defendant, JOHN KENNETH FREEMAN, based

26  upon information in their possession at the time of this Plea Agreement and arising

27  out of Defendant's conduct involving illegal activity charged in reference to this

28

Plea Agreement- 15
P81215jm.slf.wpd

1  Plea Agreement, unless JOHN KENNETH FREEMAN breaches this Plea

2  Agreement any time before or after sentencing.

3        8.    United States Sentencing Guideline Calculations:

4        The Defendant understands and acknowledges that the United States

5  Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that

6  the Court will determine the Defendant's applicable sentencing guideline range at

7  the time of sentencing.

8        A.    Production of Child Pornography (Count One of both the ED of WA
           and Oregon Indictment):

9

10       Defendant has agreed to plead guilty to Two Counts of Production: Count

   One of the Indictment in the Eastern District of WA regarding child pornography
11
   images Defendant produced in the Eastern District of WA and Count One of the
12
   Indictment in the District of Oregon regarding child pornography images
13
   Defendant produced in the District of Oregon.  Both Counts of Production involve
14
   offense conduct in 2000 and thus, the U.S.S.G. effective 1998 apply to
15
   calculations of the Production of Child Pornography guidelines.
16
         (1).   Base Offense Level:
17
         The United States and the Defendant agree that the base offense level for
18
   Production of Child Pornography is 27.  See U.S.S.G. §2G2.1(a) (1998 edition).
19
         (2).   Specific Offense Characteristics:
20
         The United States and the Defendant also agree and stipulate that the base
21
   offense is increased by an additional four (4) levels because the offense involved a
22
   victim who had not attained the age of twelve years.  See U.S.S.G.
23
   §2G2.1(b)(1)(A) (1998 edition).
24
         The United States and the Defendant also agree and stipulate that the base
25
   offense is increased by an additional two (2) levels because the Defendant was a
26
   parent of the minor involved.  See U.S.S.G. §2G2.1(b)(2) (1998 edition).
27

28

Plea Agreement- 16
P81215jm.slf.wpd

B.    Interstate Transportation of a Minor for the Purpose of Engaging in
      Unlawful Sexual Activity (Count Three of the Oregon Indictment):

The Interstate Transportation of a Minor for the Purpose of Engaging in
Unlawful Sexual Activity contained in Count Three of the Oregon Indictment,
involves offense conduct in May of 2000 and thus, the U.S.S.G. effective
November 1998 apply to calculations of the Interstate Transportation of a Minor
for the Purpose of Engaging in Unlawful Sexual Activity.

(1).    Base Offense Level:

The United States and the Defendant agree that the base offense level for
Interstate Transportation of a Minor for the Purpose of Engaging in Unlawful
Sexual Activity is 27.  See U.S.S.G. §2G2.1(a) (1998 edition).  U.S.S.G. §2G2.1 is
applicable due to the cross reference of U.S.S.G. §2G2.2(c)(1) which states, "[i]f
the offense involved causing, [or] transporting . . . a minor to engage in sexually
explicit conduct for the purpose of producing a visual depiction of such conduct,
apply § 2G2.1."

(2).    Specific Offense Characteristics:

The United States and the Defendant also agree and stipulate that the base
offense is increased by an additional four (4) levels because the offense involved a
victim who had not attained the age of twelve years.  See U.S.S.G.
§2G2.1(b)(1)(A) (1998 edition).

The United States and the Defendant also agree and stipulate that the base
offense is increased by an additional two (2) levels because the Defendant was a
parent of the minor involved.  See U.S.S.G. § 2G2.1(b)(2) (1998 edition).

D.    Adjustments Applicable to All Counts:

(1).    Obstruction:

The United States and the Defendant agree the Defendant did flee the
United States to China to avoid criminal prosecution and thus, the Defendant's
adjusted offense should be increased by two (2) levels.  See U.S.S.G. § 3C1.1.

Plea Agreement- 17
P81215jm.slf.wpd

1                     (2).   Multiple Count Analysis:

2         The United States and the Defendant agree that since U.S.S.G. § 2G2.1

3 applies in this case, the offenses Defendant is pleading guilty to are specifically

4 excluded from the operation of grouping of closely related counts.  See U.S.S.G.

5 §3D1.2.  Thus, each count will constitute a separate "Group" under § 3D1.2.

6         All three of the offenses Defendant is pleading guilty to have an adjusted

7 offense level of 35.  Pursuant to U.S.S.G. §3D1.4 (a) , one Unit is given to the

8 Group with the highest offense level and one additional Unit is given for each

9 Group that is equally serious.  Thus, 3 Units would be applied to the Defendant's

10 offense, which increases Defendant's offense level of 35 by 3 levels, resulting in

11 an adjusted offense level of 38.

12                    (3).   Acceptance of Responsibility:

13         If the Defendant pleads guilty and demonstrates a recognition and an

14 affirmative acceptance of personal responsibility for the criminal conduct; does

15 provides complete and accurate information during the sentencing process; does

16 not commit any obstructive conduct; accepts this Plea Agreement; and enters a

17 plea of guilty no later than December 17, 2008, the United States will move for a

18 three (3) level downward adjustment in Defendant's adjusted offense level for

19 timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

20         The Defendant and the United States agree that the United States may at its

21 option and upon written notice to the Defendant, not recommend a three (3) level

22 downward reduction for acceptance of responsibility if, prior to the imposition of

23 sentence, the Defendant is charged or convicted of any new or additional criminal

24 offense whatsoever or if the Defendant tests positive for any controlled substance.

25         Furthermore, the Defendant agrees to pay the $300 mandatory special

26 penalty assessment ($100 for each felony count, 18 U.S.C. § 3013(a)(2)(A)) to the

27 Clerk of Court for the Eastern District of Washington.

28

Plea Agreement- 18
P81215jm.slf.wpd

1    Therefore, the United States and the Defendant agree that the Defendant's

2    final adjusted offense level would be 35.  This sentencing guideline range for an

3    offense level of 35, assuming a Criminal History of I, is 168-210 months.

4        9.    Criminal History:

5    The United States and the Defendant understand that the Defendant's

6    criminal history computation is tentative and that ultimately the Defendant's

7    criminal history category will be determined by the Court after review of the

8    Presentence Investigative Report.  The United States and the Defendant have made

9    no agreement and make no representations as to the criminal history category,

10   which shall be determined after the Presentence Investigative Report is completed.

11       10.   Departures:

12   There are aggravating factors with respect to the correct calculation of the

13   Sentencing Guidelines.  The Government and Defendant agree that both the

14   Government and Defendant, JOHN KENNETH FREEMAN, will seek an upward

15   departure of 7 levels from the applicable Guidelines, resulting in an adjusted

16   offense level of 42 and a sentencing guideline range of 360-life.

17       11.   Incarceration:

18            A.  Entry of Pleas and Sentencing

19   Defendant, KENNETH JOHN FREEMAN, has  requested to enter his plea

20   to the federal charges pending against him in the Eastern District of Washington

21   and the District of Oregon on the morning of December 17, 2008.  The Defendant

22   understands the State of Washington will obtain a writ to have him transferred to

23   state custody and transported to the Spokane County Courthouse on the afternoon

24   of December 17, 2008, to allow him to enter pleas of guilty to the state rape

25   charges pending against him.  After Defendant enters his pleas in state court he

26   will be transported back to the Spokane County Jail and returned to federal

27   custody.

28

Plea Agreement- 19
P81215jm.slf.wpd

1    Defendant understands he will then remain in federal custody until he is
2    sentenced by federal District Court Judge Suko on his pleas of guilty to the federal
3    charges in the Eastern District of Washington and District of Oregon. After the
4    Defendant is sentenced on the federal charges, the Defendant understands the
5    State of Washington will again obtain a writ to have him transferred into state
6    custody to be sentenced on the state charges. After Defendant is sentenced on the
7    state charges he will be returned to federal custody to serve his federal sentence,
8    before he serves any state sentence, which by the state Plea Agreement is expected
9    to run concurrently to the federal sentence.
10    In order to effectuate the entry of pleas in this case, and to ensure that
11    Defendant serves the majority of the sentence imposed in a federal facility, the
12    Defendant, KENNETH JOHN FREEMAN,  agrees to execute a waiver of any
13    Interstate Agreement on Detainers Act (IADA) Anti-Shuttling rights he may have,
14    before entry of his guilty pleas to federal charges.
15    B. <u>Sentencing Recommendation:</u>
16    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant, KENNETH JOHN
17    FREEMAN, and the United States agree that the Defendant be sentenced
18    consecutively for the federal charges in the Eastern District of Washington and the
19    District of Oregon to a term of imprisonment of 50 years, to be followed by a three
20    year term of supervised release. If the Court does not accept the plea or chooses to
21    sentence the Defendant to a greater or lesser sentence than the United States and
22    the Defendant have agreed upon, the Defendant and the United States each may
23    withdraw from the plea and this agreement is null and void.
24    The Defendant, KENNETH JOHN FREEMAN, and the Benton County
25    Prosecutor's Office agree, upon Defendant's plea of guilty to three counts of Rape
26    of a Child in the First Degree, to recommend a sentence of 240 months
27    incarceration, to be served concurrently with federal sentences arising out of the
28    Eastern District of Washington and the District of Oregon and to commend that

Plea Agreement- 20
P81215jm.slf.wpd

1  the sentences be served in federal prison. The parties agree the Defendant will not
2  be held in custody in the Benton County Jail.

3      12.    Criminal Fine:

4      The United States and the Defendant are free to make whatever
5  recommendation concerning the imposition of a criminal fine that they believe is
6  appropriate.

7      13.    Supervised Release:

8      The United States and the Defendant agree to recommend that the Court
9  impose a three year term of supervised release to include the following special
10 conditions, in addition to the standard conditions of supervised release:

11     (1) that the Defendant not have any contact with the victim(s);

12     (2) that the Defendant not have contact with any child under the age of 18,
13 without the presence of an adult and approved in advance by the Probation
14 Officer, this includes prohibiting the Defendant from having any contact with any
15 child by telephone or the Internet.  The Defendant shall immediately report any
16 unauthorized contact with minor-aged children to the Probation Officer;

17     (3) that the Defendant allow the Probation Officer or designee to conduct
18 random inspections, including retrieval and copying of data from any computer,
19 and any personal computing device that the Defendant possesses or has access to,
20 including any internal or external peripherals.  This may require temporary
21 removal of the equipment for a more thorough inspection.  The Defendant shall
22 not possess or use any data encryption technique or program.  The Defendant shall
23 purchase and use such hardware and software systems that monitor the
24 Defendant's computer usage, if directed by the Probation Officer;

25     (4) that the Defendant shall not reside or loiter within 1000 feet of places
26 where children under the age of 18 congregate, which includes primary and
27 secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare
28 centers, carnivals, recreation centers, and arcades;

Plea Agreement- 21
P81215jm.slf.wpd

1    (5) that the Defendant shall not possess or manufacture any sexually

2    stimulating, sexually explicit or sexually oriented material including videos,

3    magazines, photographs, computer generated depictions, or any other matter that

4    depicts "sexually explicit conduct" involving children or adults, as defined by 18

5    U.S.C. § 2256(2).  The Defendant shall not enter or be present at any

6    establishment involved in the sex industry, including adult book stores, massage

7    parlors, escort services, and strip bars.  The Defendant shall not use any sex-

8    related adult telephone number.  The Defendant shall provide all his telephone

9    records to monitor compliance, at the direction of the Probation Officer;

10    (6) that the Defendant register as a sex offender, according to the laws of

11    each state in which the Defendant resides, is employed, carries on a vocation, or is

12    attending school.   The Defendant shall provide written verification of compliance

13    with this requirement to the Probation Officer;

14    (7) that the Defendant complete a sex offender evaluation, which may

15    include periodic psychological, physiological, polygraph, plethysmography

16    testing, and completion of the ABEL assessment, at the direction of the Probation

17    Officer;

18    (8) that the Defendant participate and successfully complete an approved

19    state-certified sex offender treatment program, including compliance with all

20    lifestyle restrictions and treatment requirements of the program.  The Defendant

21    shall allow reciprocal release of information between the Probation Officer and the

22    treatment provider.  The Defendant shall contribute to the cost of treatment

23    according to the Defendant's ability to pay.

24    14.   <u>Restitution</u>:

25    A.    <u>Counseling and Travel Expenses</u>:

26    The United States and the Defendant hereby stipulate and agree that,

27    pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution

28    to Gaye Peale (guardian/ mother of victim KNF) in the total amount of

Plea Agreement- 22
P81215jm.slf.wpd

1   $10,856.93. This includes restitution owed to date for past counseling ($180.00)

2   and travel expenses to attend court hearings ($676.93).  The Defendant has also

3   agreed to pay, upon proof of receipt of counseling charges,  up to $10,000 for

4   future counseling for victim KNF.  The Judgment and Commitment Order should

5   direct these payments be made to Gaye Peale (guardian/ mother of victim KNF).

6       The United States further agrees that should the victim cease counseling, the

7   United Sates will notify Defendant and modify this restitution order accordingly

8   so that additional "future" restitution expenses will not incur against the

9   Defendant.  The parties further agree and stipulate that Defendant's restitution

10  obligation shall be due and payable in full immediately, but that interest thereon

11  shall be waived.

12          B.    Proceeds from Criminal Activity:

13      The United States and Defendant, KENNETH JOHN FREEMAN, agree that

14  restitution is due and owing by the Defendant to the victim herein KNF.  The

15  United States and the Defendant, KENNETH JOHN FREEMAN, further agree

16  that, at a minimum, in the event any proceeds, property, remuneration, income,

17  contract interest, or other compensation is earned or received, directly or

18  indirectly, by the Defendant, from any source, whether by way of advance, hourly

19  wage, flat fee, appearance fee, in-kind property, intangible interest, commission,

20  royalties or other remuneration, for activities, appearance, authorship, or

21  production of any kind, which materially concern, arise from, depict, are based

22  upon, or convey in any way the facts which are the subject of this Plea Agreement,

23  or derive materially from the facts which are the subject of this Plea Agreement, or

24  which he would not have received were it not for the commission of the acts

25  alleged herein, he shall pay to the victim herein KNF, as restitution, one third of

26  all such sums or the value of such non-monetary property, within thirty days of his

27  receipt or enjoyment thereof.  This agreement is intended to apply to all sums,

28  amounts, and /or property actually or constructively received by the Defendant or

Plea Agreement- 23
P81215jm.slf.wpd

1  assigned by him for the benefit of others to the extent the receipt is the direct or

2  indirect result of the commission of the crimes described herein.

3       In the event the Defendant contracts with or agrees with any individual or

4  entity for any compensation of any kind as enumerated herein in exchange for

5  activities, appearance, authorship, or production of any kind, which materially

6  concern, arise from, depict, are based upon, or convey in any way the facts which

7  are the subject of this Plea Agreement, or derive materially from the facts which

8  are the subject of this Plea Agreement, or which he would not have received were

9  it not for the commission of the acts alleged herein, he shall provide notice of such

10  contract or agreement within thirty (30) days to Carol L. Hepburn, legal counsel

11  for victim KNF, whose address is 2722 Eastlake Avenue E, #200, Seattle, WA

12  98102.  Such notice shall include the identities and contact information of all

13  parties to such contract or agreement, a recitation of the terms of such contract or

14  agreement, and a full, complete, and legible copy of any written or electronic form

15  of contract, agreement, or memorandum thereof.

16       The parties agree that a copy of this Plea Agreement shall constitute

17  sufficient evidence of the agreement for enforcement purposes.

18       Nothing in this Plea Agreement is intended by either party to limit in any

19  way the rights of the victim KNF to pursue further civil action against the

20  Defendant for further compensation or damages for the injuries which she has

21  suffered and may continue to suffer as a result of the crimes which are the subject

22  of this Plea Agreement or the other actions of the Defendant.

23       15.   <u>Mandatory Special Penalty Assessment</u>:

24       The Defendant agrees to pay the $300 mandatory special penalty assessment

25  to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C.

26  § 3013, and shall provide a receipt from the Clerk to the United States before

27  sentencing as proof of this payment.

28

Plea Agreement- 24
P81215jm.slf.wpd

16.    <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17.    <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged with or convicted of any new or additional criminal offense whatsoever, or if the Defendant tests positive for any controlled substance.

18.    <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court.  Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order.  Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

19.    <u>Notice of Sex Offender Registration</u>:

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the

Plea Agreement- 25
P81215jm.slf.wpd

1 Defendant's school.  Registration will require that the Defendant provide
2 information that includes, but is not limited to, his name (including all
3 designations used  for purposes of routing or self-identification in Internet
4 communications or postings), date of birth, social security number, residence
5 address, telephone numbers, the names and addresses of any places at which the
6 Defendant is or will be an employee or a student or will be staying for seven or
7 more days, vehicle information (including boats and planes) and passport
8 information.  The Defendant understands that he must update his registrations not
9 later than three business days after any change of name, residence, employment, or
10 student status.  The Defendant understands that failure to comply with these
11 obligations subjects the Defendant to prosecution for failure to register under
12 federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or
13 both.

14        20.    Integration Clause:

15        The United States and the Defendant acknowledge that this document
16 constitutes the entire Plea Agreement between the United States and the
17 Defendant, and no other promises, agreements, or conditions exist between the
18 United States and the Defendant concerning the resolution of the case.  This Plea
19 Agreement is binding only upon the United States Attorney's Offices for the
20 Eastern District of Washington and the District of Oregon, and cannot bind other
21 federal, state or local authorities.  The United States and the Defendant agree that
22 this agreement cannot be modified except in a writing that is signed by the United
23 States and the Defendant.

24
25
26
27
28

Plea Agreement- 26
P81215jm.slf.wpd

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

James A. McDevitt
United States Attorney

_____        _12/15/08_____
Stephanie J. Lister                     Date
Assistant U.S. Attorney

Agreed and submitted on behalf of the United States Attorney's Office for the District of Oregon.

Karin J. Immergut
United States Attorney

_____        _12/17/08_____
Gary Sussman                            Date
Assistant U.S. Attorney

Agreed and submitted on behalf of the Benton County Prosecutors Office.

Andy Miller
Benton County Prosecutor

_____        _12/17/08_____
Adrienne Farabee                        Date
Deputy Benton Prosecutor

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of

Plea Agreement- 27
P81215jm.slf.wpd

1    my attorney in this case.  No other promises or inducements have been made to

2    me, other than those contained in this Plea Agreement and no one has threatened

3    or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead

4    guilty because I am guilty.

5

6    _____          _____

7    KENNETH JOHN FREEMAN                      Date
     Defendant

8

9          I have read the Plea Agreement and have discussed the contents of the

10   agreement with my client.  The Plea Agreement accurately and completely sets

11   forth the entirety of the agreement between the parties.  I concur in my client's

12   decision to plead guilty as set forth in the Plea Agreement.  There is no legal

13   reason why the Court should not accept the Defendant's plea of guilty.

14   _____          _____

15

16   Carl J. Oreskovich                        Date
     Attorney for the Defendant

17

18         I have read the Plea Agreement and have discussed the contents of the

19   agreement with my client.  The Plea Agreement accurately and completely sets

20   forth the entirety of the agreement between the parties.  I concur in my client's

21   decision to plead guilty as set forth in the Plea Agreement.  There is no legal

22   reason why the Court should not accept the Defendant's plea of guilty.

23   _____          _____

24   Andrew Kohlmetz                           Date
     Attorney for the Defendant

25         I have read the Plea Agreement and have discussed the contents of the

26   agreement with my client.  The Plea Agreement accurately and completely sets

27   forth the entirety of the agreement between the parties.  I concur in my client's

28

Plea Agreement- 28
P81215jm.slf.wpd

1  decision to plead guilty as set forth in the Plea Agreement.  There is no legal

2  reason why the Court should not accept the Defendant's plea of guilty.

3  _____ WSBA # 21334          _12/15/08_____

4  Sylvia Cornish or  Tonya Meehan          Date
   Attorney for the Defendant

Plea Agreement- 29
P81215jm.slf.wpd

# Attachment A

**Superior Court of Washington**
**for**

State of Washington

                                                        Plaintiff

vs.

Kenneth John Freeman

                                                        Defendant

**No.** 05-1-01626-8

**Statement of Defendant on Plea of
Guilty to Sex Offense
(Felony)
(STTDFG)**

1.    My true name is: Kenneth John Freeman

2.    My age is: 46

3.    The last level of education I completed was 2+ years college

4.    **I Have Been Informed and Fully Understand That:**

    (a)    I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me.

    (b)    I am charged with: 3 counts Rape of Child 1st degree
    The elements are: Benton Co. WA, engage in sexual
    inter course with and was at least 24 months
    older than a person who was less than 12 years
    of age and not married to the defendant

5.    **I Understand I Have the Following Important Rights, and I Give Them All Up
by Pleading Guilty:**

    _KJF_    (a)    The right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed;

    _KJF_    (b)    The right to remain silent before and during trial, and the right to refuse to testify against myself;

    _KJF_    (c)    The right at trial to hear and question the witnesses who testify against me;

_l/_ (d)    The right at trial to testify and to have witnesses testify for me. These witnesses can be made to appear at no expense to me;

_l/_ (e)    I am presumed innocent unless the charge is proven beyond a reasonable doubt or I enter a plea of guilty;

_l/_ (f)    The right to appeal a finding of guilt after a trial.

6.    **In Considering the Consequences of my Guilty Plea, I Understand That:**

(a)    Each crime with which I am charged carries a maximum sentence, a fine, and a *Standard Sentence Range* as follows:

| COUNT NO. | OFFENDER SCORE | STANDARD RANGE ACTUAL CONFINEMENT (not including enhancements) | PLUS Enhancements* | TOTAL ACTUAL CONFINEMENT (standard range including enhancements) | COMMUNITY CUSTODY RANGE (Only applicable for crimes committed on or after July 1, 2000. For crimes committed prior to July 1, 2000, see paragraph 6(f).) | MAXIMUM TERM AND FINE |
|---|---|---|---|---|---|---|
| 1 | 9+ | 240-318 mos | — | 240-318 mos | 36-48 mos. | Life $50,000 |
| 2 | 9+ | 240-318 mos | — | 240-318 mos | 36-48 mos | Life $50,000 |
| 3 | 9+ | 240-318 mos. | — | 240-318 mos | 36-48 mos. | Life $50,000 |

*(F) Firearm, (D) Other deadly weapon, (SM) Sexual Motivation, RCW 9.94A.533(8), (SCF) Sexual conduct with a child for a fee, RCW 9.94A.533(9), (CSG) Criminal street gang involving minor, (AE) Endangerment while attempting to elude.

(b)    The standard sentence range is based on the crime charged and my criminal history. Criminal history includes prior convictions and juvenile adjudications or convictions, whether in this state, in federal court, or elsewhere.

(c)    The prosecuting attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete. If I have attached my own statement, I assert that it is correct and complete. If I am convicted of any additional crimes between now and the time I am sentenced, I am obligated to tell the sentencing judge about those convictions.

(d)    If I am convicted of any new crimes before sentencing, or if any additional criminal history is discovered, both the standard sentence range and the prosecuting attorney's recommendation may increase. Even so, my plea of guilty to this charge is binding on me. I cannot change my mind if additional criminal history is discovered even though the standard sentencing range and the prosecuting attorney's recommendation increase or a mandatory sentence of life imprisonment without the possibility of parole is required by law.

(e)    In addition to sentencing me to confinement, the judge will order me to pay $500.00 as a victim's compensation fund assessment. If this crime resulted in injury to any person or damage to or loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate. The amount of restitution may be up to double my gain or double the victim's loss. The judge may also order that I pay a fine, court costs, attorney fees and the costs of incarceration.

(f)  For sex offenses committed prior to July 1, 2000: In addition to sentencing me to confinement, the judge may order me to serve up to one year of community supervision if the total period of confinement ordered is not more than 12 months. If the period of confinement is more than one year, the judge will order me to serve three years of community custody or up to the period of earned early release, whichever is longer. During the period of community custody, I will be under the supervision of the Department of Corrections, and I will have restrictions and requirements placed upon me.

✳    For sex offenses committed on or after July 1, 2000 but prior to September 1, 2001: In addition to sentencing me to confinement, the judge may order me to serve up to one year of community custody if the total period of confinement ordered is not more than 12 months. If the period of confinement is over one year, the judge will sentence me to community custody for a period of 36 to 48 months or up to the period of earned release, whichever is longer. During the period of community custody to which I am sentenced, I will be under the supervision of the Department of Corrections, and I will have restrictions and requirements placed upon me.

For sex offenses committed on or after September 1, 2001: (i) Sentencing under RCW 9.94A.712: If this offense is any of the offenses listed in subsections (aa) or (bb), below, the judge will impose a maximum term of confinement consisting of the statutory maximum sentence of the offense and a minimum term of confinement either within the standard range for the offense or outside the standard range if an exceptional sentence is appropriate. The minimum term of confinement that is imposed may be increased by the Indeterminate Sentence Review Board if the Board determines by a preponderance of the evidence that it is more likely than not that I will commit sex offenses if released from custody. In addition to the period of confinement, I will be sentenced to community custody for any period of time I am released from total confinement before the expiration of the maximum sentence. During the period of community custody I will be under the supervision of the Department of Corrections and I will have restrictions and requirements placed upon me, which may include electronic monitoring, and I may be required to participate in rehabilitative programs.

(aa) If the current offense is any of these offenses or attempt to commit any of these offenses:

| | |
|---|---|
| Rape in the first degree | Rape in the second degree |
| Rape of a child in the first degree committed when I was at least 18 years old | Rape of a child in the second degree committed when I was at least 18 years old |
| Child molestation in the first degree committed when I was at least 18 years old | Indecent liberties by forcible compulsion |
| Any of the following offenses with a finding of sexual motivation: | |
| Murder in the first degree | Murder in the second degree |
| Homicide by abuse | Kidnapping in the first degree |
| Kidnapping in the second degree | Assault in the first degree |
| Assault in the second degree | Assault of a child in the first degree |
| Assault of a child in the second degree | Burglary in the first degree |

(bb) If the current offense is any sex offense and I have a prior conviction for any of these offenses or attempt to commit any of these offenses:

| Rape in the first degree | Rape in the second degree |
|---|---|
| Rape of a child in the first degree | Rape of a child in the second degree |
| Child molestation in the first degree | Indecent liberties by forcible compulsion |
| Any of the following offenses with a finding of sexual motivation: | |
| Murder in the first degree | Murder in the second degree |
| Homicide by abuse | Kidnapping in the first degree |
| Kidnapping in the second degree | Assault in the first degree |
| Assault in the second degree | Assault of a child in the first degree |
| Assault of a child in the second degree | Burglary in the first degree |

(ii)  If this offense is a sex offense that is not listed in paragraph 6(f)(i), then in addition to sentencing me to a term of confinement, the judge may order me to serve up to one year of community custody if the total period of confinement ordered is not more than 12 months. If the period of confinement is over one year, or if my crime is failure to register as a sex offender, the judge will sentence me to community custody for a period of 36 to 48 months or up to the period of earned release, whichever is longer.  During the period of community custody to which I am sentenced, I will be under the supervision of the Department of Corrections, and I will have restrictions and requirements placed upon me, which may include electronic monitoring.

For sex offenses committed on or after March 20, 2006:  For the following offenses and special allegations, the minimum term shall be either the maximum of the standard sentence range for the offense or 25 years, whichever is greater:

   1) If the offense is rape of a child in the first degree, rape of a child in the second degree or child molestation in the first degree and the offense includes a special allegation that the offense was predatory.

   2) If the offense is rape in the first degree, rape in the second decree, indecent liberties by forcible compulsion, or kidnapping in the first degree with sexual motivation and the offense includes special allegation that the victim of the offense was under 15 years of age at the time of the offense.

   3) If the offense is rape in the first degree, rape in the second degree with forcible compulsion, indecent liberties with forcible compulsion, or kidnapping in the first degree with sexual motivation and this offense includes a special allegation that the victim of the offense was, at the time of the offense, developmentally disabled, mentally disordered, or a frail elder or vulnerable adult.

Community Custody Violation:  If I violate the conditions of my community custody, the Department of Corrections may sanction me up to 60 days confinement per violation and/or revoke my earned early release, or the Department of Corrections may impose additional conditions or other stipulated penalties. The court also has the authority to impose sanctions for any violation.

(g) The prosecuting attorney will make the following recommendation to the judge: *Change of venue to Spokane Co. Superior Court; dismiss b'ud Jumping & all aggravating factors, 240 months concurrent with pending federal charges. Sentence to be served in federal custody; no*

[ ] The prosecutor will recommend as stated in the plea agreement, which is incorporated by reference. *additional charges to be filed under OCA 05.20; community custody, restitution, costs, fees, fines*

(h) The judge does not have to follow anyone's recommendation as to sentence. The judge must impose a sentence within the standard range unless there is a finding of substantial and compelling reasons not to do so. I understand the following regarding exceptional sentences: *waived as part of global plea agreement.*

  (*i*) The judge may impose an exceptional sentence below the standard range if the judge finds mitigating circumstances supporting an exceptional sentence.

  (*ii*) The judge may impose an exceptional sentence above the standard range if I am being sentenced for more than one crime and I have an offender score of more than nine.

  (*iii*) The judge may also impose an exceptional sentence above the standard range if the State and I stipulate that justice is best served by imposition of an exceptional sentence and the judge agrees that an exceptional sentence is consistent with and in furtherance of the interests of justice and the purposes of the Sentencing Reform Act.

  (*iv*) The judge may also impose an exceptional sentence above the standard range if the State has given notice that it will seek an exceptional sentence, the notice states aggravating circumstances upon which the requested sentence will be based, and facts supporting an exceptional sentence are proven beyond a reasonable doubt to a unanimous jury, to a judge if I waive a jury, or by stipulated facts.

  If the court imposes a standard range sentence, then no one may appeal the sentence. If the court imposes an exceptional sentence after a contested hearing, either the State or I can appeal the sentence.

(i) If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(j) I may not possess, own, or have under my control any firearm unless my right to do so is restored by a superior court in Washington State, and by a federal court if required. I must immediately surrender any concealed pistol license. RCW 9.41.040.

(k) I will be ineligible to vote until that right is restored in a manner provided by law. If I am registered to vote, my voter registration will be cancelled. Wash. Const. art. VI, § 3, RCW 29A.04.079, 29A.08.520.

(l) Public assistance will be suspended during any period of imprisonment.

(m) I will be required to register where I reside, study or work. The specific registration requirements are described in the "Offender Registration" Attachment.

(n)    I will be required to have a biological sample collected for purposes of DNA identification analysis. I will be required to pay a $100.00 DNA collection fee.

(o)    I will be required to undergo testing for the human immunodeficiency (HIV/AIDS) virus.

## Notification Relating to Specific Crimes: If Any of the Following Paragraphs *Do Not Apply*, They Should Be Stricken and Initialed by the Defendant and the Judge.

(p)    This offense is a most serious offense or strike as defined by RCW 9.94A.030, and if I have at least two prior convictions for most serious offenses, whether in this state, in federal court, or elsewhere, the offense for which I am charged carries a mandatory sentence of life imprisonment without the possibility of parole. In addition, if this offense is (i) rape in the first degree, rape of a child in the first degree, rape in the second degree, rape of a child in the second degree, indecent liberties by forcible compulsion, or child molestation in the first degree, or (ii) murder in the first degree, murder in the second degree, homicide by abuse, kidnapping in the first degree, kidnapping in the second degree, assault in the first degree, assault in the second degree, assault of a child in the first degree, assault of a child in the second degree, or burglary in the first degree, with a finding of sexual motivation, or (iii) any attempt to commit any of the offenses listed in this sentence and I have at least one prior conviction for one of these listed offenses in this state, in federal court, or elsewhere, the offense for which I am charged carries a mandatory sentence of life imprisonment without the possibility of parole.

(q)    **Special sex offender sentencing alternative:** In addition to other eligibility requirements under RCW 9.94A.670, to be eligible for the special sex offender sentencing alternative, I understand that I must voluntarily and affirmatively admit that I committed all of the elements of the crime(s) to which I am pleading guilty. I make my voluntary and affirmative admission in my statement in paragraph 11.

For offenses committed before September 1, 2001: The judge may suspend execution of the standard range term of confinement under the special sex offender sentencing alternative (SSOSA) if I qualify under former RCW 9.94A.120(8) (for offenses committed before July 1, 2001) or RCW 9.94A.670 (for offenses committed on or after July 1, 2001). If the judge suspends execution of the standard range term of confinement, I will be placed on community custody for the length of the suspended sentence or three years, whichever is greater; I will be ordered to serve up to 180 days of total confinement; I will be ordered to participate in sex offender treatment; I will have restrictions and requirements placed upon me; and I will be subject to all of the conditions described in paragraph 6(e). Additionally, the judge could require me to devote time to a specific occupation and to pursue a prescribed course of study or occupational training. If a violation of the sentence occurs during community custody, the judge may revoke the suspended sentence.

For offenses committed on or after September 1, 2001: The judge may suspend execution of the standard range term of confinement or the minimum term of confinement under the special sex offender sentencing alternative (SSOSA) if I qualify under RCW 9.94A.670. If the judge suspends execution of the standard range term of confinement for a sex offense that is not listed in paragraph 6(f)(i), I will be placed on community custody for the length of the suspended sentence or three years, whichever is greater. If the judge suspends execution of minimum term of confinement for a sex offense listed in paragraph 6(f)(i), I will be placed on community custody for the length of the statutory maximum sentence of the offense. In addition to the term of community custody, I will be ordered to serve up to

180 days of total confinement; I will be ordered to participate in sex offender treatment; I will have restrictions and requirements placed upon me, which may include electronic monitoring; and I will be subject to all of the conditions described in paragraph 6(e). Additionally, the judge could require me to devote time to a specific occupation and to pursue a prescribed course of study or occupational training. If a violation of the sentence occurs during community custody, the judge may revoke the suspended sentence.

(r)    If this is a crime of domestic violence, the court may order me to pay a domestic violence assessment of up to $100.00. If I, or the victim of the offense, have a minor child, the court may order me to participate in a domestic violence perpetrator program approved under RCW 26.50.150.

(s)    If I am subject to community custody and the judge finds that I have a chemical dependency that has contributed to the offense, the judge may order me to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which I am pleading guilty.

(t)    If this offense involves a motor vehicle, my driver's license or privilege to drive will be suspended or revoked.

(u)    The crime of _____ has a mandatory minimum sentence of at least _____ years of total confinement. The law does not allow any reduction of this sentence. This mandatory minimum sentence is not the same as the mandatory sentence of life imprisonment without the possibility of parole described in paragraph 6[p].

(v)    I am being sentenced for two or more serious violent offenses arising from separate and distinct criminal conduct and the sentences imposed on counts _____ and _____ will run consecutively unless the judge finds substantial and compelling reasons to do otherwise.

(w)    The offense(s) I am pleading guilty to include a deadly weapon, firearm or sexual motivation enhancement. Deadly weapon, firearm, or sexual motivation enhancements are mandatory, they must be served in total confinement, and they must run consecutively to any other sentence and to any other deadly weapon, firearm, or sexual motivation enhancements.

(x)    For crimes committed on or after July 22, 2007: If I am pleading guilty to rape of a child in the first, second, or third degree or child molestation in the first, second or third degree, and I engaged, agreed or offered to engage the victim in sexual intercourse or sexual contact for a fee, or if I attempted, solicited another, or conspired to engage, agree or offer to engage the victim in sexual intercourse or sexual contact for a fee, then a one-year enhancement shall be added to the standard sentence range. If I am pleading guilty to more than one offense, the one-year enhancement must be added to the total period of total confinement for all offenses, regardless of which underlying offense is subject to the enhancement.

7. I plead guilty to:

count I RAPE OF CHILD 1ST DEGREE

count II RAPE OF CHILD 1ST DEGREE

count III RAPE OF CHILD 1ST DEGREE

count _____

in the 2/8/2007 _____ Information. I have received a copy of that Information.

8. I make this plea freely and voluntarily.

9. No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10. No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

11. The judge has asked me to state what I did in my own words that makes me guilty of this crime. This is my statement: I HAVE REVIEWED THE AMENDED AFFIDAVIT OF PROBABLE CAUSE AND AGREE TO THE FACTS CONTAINED THEREIN. I FURTHER AGREE THAT THOSE FACTS ARE TRUE & CORRECT. THE FACTS CONTAINED IN THE AMENDED AFFIDAVIT OF PROBABLE CAUSE ARE THE FACTS THAT MAKE ME GUILTY OF THE CHARGED CRIMES.

☐ Instead of making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea.

12. My lawyer has explained to me, and we have fully discussed, all of the above paragraphs and the "Offender Registration" Attachment. I understand them all. I have been given a copy of this "Statement of Defendant on Plea of Guilty." I have no further questions to ask the judge.

_____
Defendant

I have read and discussed this statement with the defendant and believe that the defendant is competent and fully understands the statement.

_____          _____
Prosecuting Attorney                                    Defendant's Lawyer

32855                                                    Sylvia T. Cornish #31334
_____          _____
Print Name              WSBA No.                Print Name              WSBA No.

Statement on Plea of Guilty to Sex Offense (STTDFG) - Page 8 of 9
CrR 4.2(g) (8/2008)

The foregoing statement was signed by the defendant in open court in the presence of the defendant's lawyer and the undersigned judge. The defendant asserted that [check appropriate box]:

☐ (a)  The defendant had previously read the entire statement above and that the defendant understood it in full;

☐ (b)  The defendant's lawyer had previously read to him or her the entire statement above and that the defendant understood it in full; or

☐ (c)  An interpreter had previously read to the defendant the entire statement above and that the defendant understood it in full. The Interpreter's Declaration is attached.

**Interpreter's Declaration:** I am a certified interpreter or have been found otherwise qualified by the court to interpret in the _____ language, which the defendant understands, and I have translated this document for the defendant from English into that language. The defendant has acknowledged his or her understanding of both the translation and the subject matter of this document. I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed at (city) _____, (state) _____, on (date) _____.

_____          _____
Interpreter                                         Print Name

I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made. Defendant understands the charges and the consequences of the plea. There is a factual basis for the plea. The defendant is guilty as charged.

Dated: _____

                                          _____
                                          **Judge**

**Case Name** Kenneth John Freeman **Cause No.** 05-1-01626-8

**"Offender Registration" Attachment:** sex offense, or kidnapping offense involving a minor as defined in RCW 9A.44.130. (If required, attach to Statement of Defendant on Plea of Guilty.)

**1. General Applicability and Requirements:** Because this crime involves a sex offense, or a kidnapping offense involving a minor as defined in RCW 9A.44.130, I will be required to register with the sheriff of the county of the state of Washington where I reside. If I am not a resident of Washington but I am a student in Washington or I am employed in Washington or I carry on a vocation in Washington, I must register with the sheriff of the county of my school, place of employment, or vocation. I must register immediately upon being sentenced unless I am in custody, in which case I must register at the time of my release with the person designated by the agency that has me in custody and I must also register within 24 hours of my release with the sheriff of the county of the state of Washington where I will be residing, or if not residing in the state of Washington, where I am a student, where I am employed, or where I carry on a vocation.

**2. Offenders Who Leave the State and Return:** If I leave this state following my sentencing or release from custody but later move back to Washington, I must register within three business days after moving to this state or within 24 hours after doing so if I am under the jurisdiction of this state's Department of Corrections. If I leave this state following my sentencing or release from custody, but later while not a resident of Washington I become employed in Washington, carry on a vocation in Washington, or attend school in Washington, I must register within three business days after attending school in this state or becoming employed or carrying out a vocation in this state, or within 24 hours after doing so if I am under the jurisdiction of this state's Department of Corrections.

**3. Change of Residence Within State and Leaving the State:** If I change my residence within a county, I must send signed written notice of my change of residence to the sheriff within 72 hours of moving. If I change my residence to a new county within this state, I must send signed written notice of the change of address at least 14 days before moving to the county sheriff in the new county of residence and I must register with the sheriff of the new county within 24 hours of moving. I must also give signed written notice of my change of address to the sheriff of the county where last registered within 10 days of moving. If I move out of Washington State, I must send written notice within 10 days of moving to the new state or foreign country to the county sheriff with whom I last registered in Washington State.

**4. Additional Requirements Upon Moving to Another State:** If I move to another state, or if I work, carry on a vocation, or attend school in another state I must register a new address, fingerprints, and photograph with the new state within 10 days after establishing residence, or after beginning to work, carry on a vocation, or attend school in the new state. I must also send written notice within 10 days of moving to the new state or to a foreign country to the county sheriff with whom I last registered in Washington State.

**5. Notification Requirement When Enrolling in or Employed by a Public or Private Institution of Higher Education or Common School (K-12):** If I am a resident of Washington and I am admitted to a public or private institution of higher education, I shall, within 10 days of enrolling or by the first business day after arriving at the institution, whichever is earlier, notify the sheriff of the county of my residence of my intent to attend the institution. If I become employed at a public or private institution of higher education, I am required to notify the sheriff for the county of my residence of my employment by the institution within 10 days of accepting employment or by the first business day after beginning to work at the institution, whichever is earlier. If my enrollment or employment at a public or private institution of higher education is terminated, I am required to notify the sheriff for the county of my residence of my

Statement on Plea of Guilty ("Offender Reg." Attachment) - Page 1 of 2
CrR 4.2(g) (7/2007) RCW 10.01.200, 9A.44.130

*Kenneth John Freeman*                         *Cause No. 08-1-01624-8*

termination of enrollment or employment within 10 days of such termination. If I attend, or plan to attend, a public or private school regulated under Title 28A RCW or chapter 72.40 RCW, I am required to notify the sheriff of the county of my residence of my intent to attend the school. I must notify the sheriff within 10 days of enrolling or 10 days prior to arriving at the school to attend classes, whichever is earlier. The sheriff shall promptly notify the principal of the school.

**6. Registration by a Person Who Does Not Have a Fixed Residence:** Even if I do not have a fixed residence, I am required to register. Registration must occur within 24 hours of release in the county where I am being supervised if I do not have a residence at the time of my release from custody. Within 48 hours, excluding weekends and holidays, after losing my fixed residence, I must send signed written notice to the sheriff of the county where I last registered. If I enter a different county and stay there for more than 24 hours, I will be required to register in the new county. I must also report in person to the sheriff of the county where I am registered on a weekly basis. The weekly report will be on a day specified by the county sheriff's office, and shall occur during normal business hours. I may be required to provide a list of the locations where I have stayed during the last seven days. The lack of a fixed residence is a factor that may be considered in determining a sex offender's risk level and shall make me subject to disclosure to the public at large pursuant to RCW 4.24.550.

**7. Reporting Requirements for Persons Who Are Risk Level II or III:** If I have a fixed residence and I am designated as a risk level II or III, I must report, in person, every 90 days to the sheriff of the county where I am registered. Reporting shall be on a day specified by the county sheriff's office, and shall occur during normal business hours. If I comply with the 90-day reporting requirement with no violations for at least five years in the community, I may petition the superior court to be relieved of the duty to report every 90 days.

**8. Application for a Name Change:** If I apply for a name change, I must submit a copy of the application to the county sheriff of the county of my residence and to the state patrol not fewer than five days before the entry of an order granting the name change. If I receive an order changing my name, I must submit a copy of the order to the county sheriff of the county of my residence and to the state patrol within five days of the entry of the order. RCW 9A.44.130(7).


Date: 12/08/08                                   *Kenneth John Freeman*
                                                  Defendant's signature